1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES BANKRUPTCY COURT

11

DISTRICT OF OREGON

| | | |
|---|---|---|
| 12 | In re | ) Case No. 11-37108-rld11 |
| 13 | ERP-Link Corp. | ) ORDER (A) APPROVING BIDDING ) PROCEDURES; (B) APPROVING |
| 14 | | ) NOTICE PROCEDURES; AND (C) ) SCHEDULING A HEARING FOR |
| 15 | Debtor. | ) APPROVAL OF A SALE OF CERTAIN ) REAL PROPERTY |
| 16 | | ) |

16
17
18
19
20
21
22
23
24

The Court considered the *Debtor's Motion for Order: (a) Establishing Notice And Bidding Procedures In Connection With A Contemplated Sale Of Assets To Gimmal Holdings, LLC; and (b) Scheduling An Auction* (the "Motion") on August __, 2011.[1]  The Court having found that jurisdiction is proper in this Court and that the Debtor provided adequate notice of the Motion, and that no other or further notice is necessary; and it appearing to the Court that based upon the Motion, the issuance of this Order is in the best interests of the estate and its creditors, and after due deliberation and good and sufficient cause appearing therefore,

25
26

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

Page 1 of 4 - ORDER (A) APPROVING BIDDING    PROCEDURES; (B) APPROVING NOTICE PROCEDURES; AND (C) SCHEDULING A HEARING FOR APPROVAL OF A SALE OF CERTAIN REAL PROPERTY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Exhibit A
Page 1 of 9

1    IT IS HEREBY ORDERED THAT:

2    1.    The Bidding Procedures attached hereto as Exhibit 1 are hereby

3  authorized, approved and made part of this Order as if fully set forth herein.  The Debtor

4  is authorized to conduct a sale by auction (the "Auction") of the real and personal

5  property (the "Property") described in that certain Asset Purchase Agreement, dated as

6  of August 16, 2011 (the "Purchase Agreement") between Seller and Gimmal Holdings,

7  LLC (the "Stalking Horse Bidder"), in accordance with the Purchase Agreement and

8  pursuant to the Bidding Procedures and the terms of this Order.

9    2.    All objections to the Bidding Procedures and related protections, as they

10  pertain to the entry of this Order, are overruled to the extent they have not been

11  withdrawn, waived, or otherwise resolved.

12    3.    The Debtor is authorized and empowered to take such steps, expend such

13  sums of money, and do such other things as may be necessary to implement and effect

14  the terms and requirements established by this Order.

15    4.    Subject to the final determination of this Court, the Debtor, in its sole

16  discretion, is authorized to properly reject any and all bids, including bids at the Auction,

17  that are (i) inadequate or insufficient, (ii) not in conformity with the requirements, terms

18  or conditions of the Purchase Agreement, or the terms of this Order and the Bidding

19  Procedures, or (iii) contrary to the best interests of Debtor, its estate and creditors.

20    5.    The form Notice of Proposed Sale of Real Property, in substantially the

21  same form as annexed as Exhibit 2 hereto (the "Sale Notice"), is sufficient to provide

22  effective notice to all interested persons of the Bidding Procedures, the Auction, and the

23  Sale Transaction, and is hereby approved.

24    6.    To the extent not previously provided or effected, within three (3) business

25  days of entry of this Order, the Debtor shall serve copies of the Sale Notice upon (a) all

26

Page  2  of  4 - ORDER  (A) APPROVING  BIDDING    PROCEDURES;  (B)
APPROVING NOTICE PROCEDURES; AND (C) SCHEDULING A HEARING FOR
APPROVAL OF A SALE OF CERTAIN REAL PROPERTY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1  persons or entities required to be served pursuant to orders of this Court;  (b) all

2  individuals or entities which have contacted the Debtor to express interest in purchasing

3  the Property;  and (c) known counsel for any of the foregoing.   All objections to the

4  Proposed Sale must be set forth with specificity and must be: (a) in writing; (b) signed

5  by counsel or attested to by the objecting party; (c) filed with the Clerk of the Bankruptcy

6  Court, United States Bankruptcy Court, 1001 SW Fifth Ave., 7th Floor, Portland, OR

7  97204, on or before _____ __, **2011 at 4:00 p.m. (Pacific Time)** (the "Objection

8  Deadline"); and (d) served so as to be received on or before the Objection Deadline by

9  the following (collectively, the "Objection Notice Parties"):

10

11  (a)    the Debtor, ERP-Link Corp., c/o Howard M. Levine,
12         Sussman Shank, LLP, 1000 SW Broadway, Suite 1400,
       Portland, OR  97205

13  (b)    counsel for Gimmal Holdings LLC: Mark Finkelstein, Shannon
14         Martin, Finkelstein & Alvarado, P.C., 1001 McKinney St. Suite
       1100, Houston, TX  77002

15  (c)    Walter Weyler, JR, 2135 SW Altadina Ct., Portland, OR  97219

16

17  The foregoing requirements are collectively referred to herein as the "General Objection

18  Procedures."   Only those objections made in compliance with the General Objection

19  Procedures will be considered by the Court at the Sale Hearing (as defined below).  The

20  failure of any objecting person or entity to file its objections by the Objection Deadline

21  and in accordance with the General Objection Procedures will be a bar to the assertion,

22  at the Sale Hearing or thereafter, of any objection to the proposed sale (including the

23  sale of the Property free and clear of liens, claims, interests, and encumbrances).

24       7.    On _____ __, **2011 at _:_ _.m. (Pacific Time)** or as soon thereafter as

25  counsel may be heard, a hearing (the "Sale Hearing") will be held before the Honorable

26  _____, United States Bankruptcy Judge, in the United States Bankruptcy Court

         Page 3 of 4 - ORDER (A) APPROVING BIDDING   PROCEDURES; (B)
         APPROVING NOTICE PROCEDURES; AND (C) SCHEDULING A HEARING FOR
         APPROVAL OF A SALE OF CERTAIN REAL PROPERTY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

1  for the District of Oregon, 1001 SW Fifth Ave., 7th Floor, Courtroom #__, Portland,

2  Oregon 97204, to consider the issuance and entry of an order, *inter alia*, approving the

3  sale of the Property free and clear of all liens, claims, interests, and encumbrances.

4  The Sale Hearing may be adjourned one or more times without further notice by an

5  announcement in open Court.

6      8.    The Court shall retain jurisdiction with respect to all matters relating to the

7  interpretation or implementation of this Order.

8

9                               # # #

10  PRESENTED BY:

11  SUSSMAN SHANK LLP

12  _____

13  Howard M. Levine, OSB No. 800730
    howard@sussmanshank.com

14  Attorneys for Debtor

15  c: ECF Participants
      Attached List

16  F:\CLIENTS\21470\001\PLEADINGS\P-ORDER AND BIDDING PROCEDURES (FINAL)..DOC

17

18

19

20

21

22

23

24

25

26

Page 4 of 4 - ORDER (A) APPROVING BIDDING   PROCEDURES; (B)
APPROVING NOTICE PROCEDURES; AND (C) SCHEDULING A HEARING FOR
APPROVAL OF A SALE OF CERTAIN REAL PROPERTY

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

## EXHIBIT 1

## Bidding Procedures

I.    Bid Deadline

Any bid must be submitted on or before **September __, 2011, at 4:00 p.m. (prevailing local time)** (the "Bid Deadline"), via electronic mail or facsimile, to the following:

(a)    The Debtor, ERP-Link Corp., c/o Howard M. Levine, Sussman Shank, LLP, 1000 SW Broadway, Suite 1400, Portland, OR 97205;

(b)    Counsel for Gimmal Holdings LLC, Mark S. Finkelstein, Shannon, Martin, Finkelstein & Alvarado, P.C., 1001 McKinney St. Suite 1100, Houston, TX 77002; and

(c)    Walter Weyler, Jr., 2135 SW Altadina Ct., Portland, OR 97219.

II.    Determination of Qualified Bid Status

To qualify as a Qualified Bid, the bid must, at a minimum, meet the following requirements:

(a)    Be received by the Bid Deadline;

(b)    If Gimmal Holdings LLC (the "Purchaser") is not, for any reason, the successful purchaser, the Purchaser will be entitled to payment of $40,000.00 previously paid by the Purchaser to the Debtor in connection with the bankruptcy sale of the Property, as a break-up fee;

(c)    Competing bidders will be required to overbid in $20,000.00 increments above the bid submitted by the Purchaser; Purchaser shall have the right but not the obligation to overbid competing bids by the same increment;

(d)    Competing bidders must demonstrate the ability to pay the purchase price in cash at the Closing;

(e)    Competing bidders (other than the Purchaser) will be required to deposit $60,000.00 cash (as further described below), and deliver to the Debtor a signed copy of the Asset Purchase Agreement on the same or better terms, modified only as to the amount of the purchase price, and the identity and contact information of the competing bidder, in order to confirm a commitment to proceed with the purchase; and

(f)    If the Purchaser is the successful purchaser, then the Sale Order shall contain, among other things, the provisions set forth in Section 7.2.

(g)      Be accompanied by the simultaneous deposit of an amount equal to **$60,000** (a "Bid Deposit") in immediately available funds as a deposit to be held by Debtor's counsel pending further order of the Court.  The Bid Deposit shall be returned to the bidder if it is not approved as the winning bidder by the Court; and in the event such bidder is approved as the winning bidder by the Court, and the Proposed Sale in fact closes, the "break up" fee of $40,000 shall be paid from Debtor's counsel's account to the Purchaser in full satisfaction of any claims Gimmal may have in connection with the case.  The balance of the Bid Deposit shall be applied to the purchase price of the Property if the party submitting the Bid Deposit is the Successful Bidder.  If such party is the Successful Bidder and fails to close the sale within the timeframe set forth in the Asset Purchase Agreement, the Bid Deposit shall not be refunded and shall be retained by Debtor in addition to any other damage claims Seller may have;

(h)      To the extent not previously provided to Seller, be accompanied by evidence satisfactory to the Debtor in its commercially reasonable discretion that the bidder is willing, authorized, capable and qualified financially, legally and otherwise, of unconditionally performing all obligations under the Asset Purchase Agreement in the event it submits the Successful Bid (as defined below) at the Auction; and

(i)      Remain open and irrevocable until the earlier of the end of the day on October 15, 2011, unless the Court fails to enter an Order Approving Sale by September 20, 1011.

(j)      The Debtor and its advisors will evaluate any competing bids submitted and determine whether to deem any such bid a "Qualified Bid" and invite the "Qualified Bidder" to participate in the Auction (as defined below). Competition bids will be evaluated on the basis of factors such as but not limited to (i) the indicated purchase price, (ii) the bidders' financial capacity to consummate a transaction if selected as the Successful Bid, (iii) the extent and type of requested changes to the Purchase Agreement, (iv) any required government approvals and the perceived timing and difficulty in connection therewith; (v) the bidder's ability to expeditiously consummate the transaction if selected as a Successful Bid, and (vi) other factors deemed appropriate in the Debtor's discretion.  The Debtor will select those Initial Bids it deems Qualified Bids on or before the commencement of the Auction, provided, however, that Debtor reserves the right to reject any bid, other than from the Purchaser, as insufficient, and further provided, however, that, if no other bid is received (other than that of the Purchaser), the Debtor shall have no obligation to conduct an Auction.  The bid by the Purchaser is a Qualified Bid.

III.    Due Diligence and Other Considerations

Upon execution of a confidentiality agreement in form and substance acceptable to the Debtor, the Debtor will provide reasonable access to the Debtor's books and records (related solely to the Proposed Sale) to bidders for the purpose of conducting

due diligence prior to the Bid Deadline. Any parties participating in the Auction are deemed to acknowledge that they have had sufficient and reasonable access to such information and management for the purposes of conducting due diligence.

Any party that submits a bid shall be deemed to have read, understood, consented to and agreed to be bound by the provisions of the Bidding Procedures Order and these Bidding Procedures.

IV.    Auction

In the event other Qualified Bids are received, an auction (the "Auction") of the Property will be held at the commencement of the Sale Hearing on _____ __, **2011, at _:_ _.m. (prevailing local time)** before the Honorable _____, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Oregon, 1001 SE Fifth Ave., 7th Floor, Courtroom # __, Portland, OR 97204, or such other location determined by Seller. The proceedings at the Auction, if any, will be transcribed by a court reporter.

The Purchaser, other parties who submit Qualified Bids prior to the Bid Deadline, representatives of Walter Weyler, Jr., the Debtor, and the professionals of the foregoing shall be entitled to attend and be heard at the Auction.

The Auction for the Property will continue in one or more rounds of bidding and shall conclude after each such participating Bidder has had an opportunity to submit an additional overbid in an amount equal to or greater than the Incremental Bid Amount (as defined below).

During the Auction, bidding shall (i) begin with the highest Qualified Bid and (ii) continue with successive bids in increments of at least **$20,000** over and above the previous highest Qualified Bid (the "Incremental Bid Amount"), and (iii) continue thereafter in minimum increments of at least the Incremental Bid Amount.

Prior to concluding the Auction, Seller shall (i) review each bid, if any, on the basis of its financial and contractual terms and the factors relevant to the sale process including, without limitation, those factors affecting the speed and certainty of consummating a sale transaction(s) and (ii) determine and identify the highest or best bid (the "Successful Bid"). Any bid submitted after the conclusion of the Auction shall not be considered for any purpose.

Prior to the conclusion of the Auction (unless otherwise agreed to by Seller and the Successful Bidder), the bidder making the Successful Bid, if any, shall complete and sign all agreement(s), contract(s), instrument(s) or other document(s) evidencing and containing the terms and conditions upon which such bid was made, if it has not already done so.

Any disputes regarding the procedures at the Auction shall be resolved by the Court.

V.    <u>Sale Hearing</u>

(a)    A hearing on the approval of the Sale (the "Sale Hearing") to the Successful Bidder shall be conducted by the Court on _____ __, **2011, beginning at _:_ _.m. (prevailing local time)** or at such other time as the Court permits.

(b)    Subject to the Court's entry of an order approving the sale, the Successful Bidder shall purchase the Property, free and clear of all liens, claims, interests and encumbrances.

VI.    <u>No Expense Reimbursement</u>

No bidder shall be entitled to reimbursement of its costs, expenses or professional fees incurred in connection with the Sale and competitive bidding process for the Property, including formulation and submission of any bid or any due diligence efforts.

VII.    <u>Sale Notice</u>

To the extent not previously provided, Seller will distribute or make available a copy of the Bidding Procedures Order and the Sale Notice to all parties that have contacted the Debtor to express an interest in purchasing the Property and, if known, their counsel.

# <u>EXHIBIT 2</u>

## Form of Sale Notice

**F:\CLIENTS\21470\001\PLEADINGS\P-BIDDING PROCEDURES (EXHIBIT TO BPO).DOC**