Howard M. Levine, OSB No. 800730
Timothy A. Solomon, OSB No. 072573
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: 503-227-1111
Facsimile: 503-248-0130
Email: hlevine@sussmanshank.com
       tsolomon@sussmanshank.com

Attorneys for Debtor and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 11-37108-rld11 |
| ERP-Link Corp., | ) ) | DECLARATION OF JOHN ERIC ANDERSON IN SUPPORT OF FIRST DAY MOTIONS |
| Debtor. | ) ) ) ) ) | |

I, John Eric Anderson, declare as follows:

1. I am the president of ERP-Link Corp. (the "Debtor"), the debtor and debtor in possession in the above-referenced chapter 11 case.

2. I am submitting this declaration in support of the Motions described below.

**A. MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY PREPETITION WAGES, SALARIES AND EMPLOYEE EXPENSES, TO PAY ACCRUED EMPLOYEE BENEFITS AND TAXES, AND DIRECTING BANKS TO HONOR PAYROLL AND EXPENSE CHECKS**

3. The Debtor's workforce consists of five employees and two subcontractors, none of whom are union employees. All seven individuals work on a full-time basis. Employees and subcontractors work in numerous capacities for the Debtor, and their duties include software programming, management, marketing,

Page 1 of 8 - DECLARATION OF JOHN ERIC ANDERSON IN SUPPORT OF FIRST DAY MOTIONS

business development, project management, customer support and operations.

4. The Debtor's employees and subcontractors are the backbone of its business, and the Debtor's ability to sell its assets and maintain their value is dependent upon the continued services of its workforce up to the time of sale. Without the experience, knowledge, and loyalty of its employees and subcontractors, the Debtor would be unable to continue functioning as a going concern long enough to maximize the value of its assets for the benefit of creditors via the contemplated asset sale. If the Debtor fails to pay its prepetition obligations to its employees and subcontractors, and continue to honor its obligations to its employees and subcontractors, including paying salary and benefits, its employees and subcontractors will suffer significant hardship, and may be unable to meet their personal living expenses. Such a result would obviously have a negative impact on employee morale and would likely lead to unmanageable attrition.

5. The Debtor seeks to continue the regular payment of wages, salaries, and employment-related benefits and expenses as they come due in the ordinary course, including those payroll expenses that were incurred prepetition but which come due for payment postpetition. The Debtor believes the timely payment of such payroll expenses is necessary and desirable for a successful sale of the Debtor's assets and that such payments are in the best interests of both the estate and its creditors.

6. Employees and subcontractors are paid bi-weekly. Pay periods always end on a Friday and payday takes place 7 days later on the following Friday. Approximately $22,900 in payroll obligations will come due on August 26, 2011. The Debtor also incurs vacation obligations to its employees and subcontractors in the ordinary course of its business. As of the Petition Date, the value of the Debtor's accrued but unused aggregate vacation time obligations totaled $51,736.

Page 2 of 8 - DECLARATION OF JOHN ERIC ANDERSON IN SUPPORT OF FIRST DAY MOTIONS

7. In addition, the Debtor reimburses employees and subcontractors in the ordinary course for necessary business and travel expenses. The outstanding amounts of such expenses as of the Petition Date are $2,420. The Debtor estimates that additional prepetition expense reimbursement obligations may be due in connection with expense reimbursement requests not yet received by the Debtor. The amount of such obligations, if any, is expected to be no greater than several hundred dollars at the most.

8. The Debtor maintains a medical benefit plan.

9. The Debtor's products are purchased by customers to connect their SAP AG software with Microsoft software. Customers expect Debtor to be a formal alliance partner with both SAP and Microsoft and expect the Debtor's software to be tested and certified by SAP and Microsoft. SAP charges an annual fee of $6,000 to Debtor to be a Partner and as a paid-up Partner will conduct the certification tests for Debtor. Those certifications tests also cost $6,000. Debtor's current certifications from SAP are expiring, and in order for Debtor to recertify, the company must pay SAP a total of $12,000 in fees. Potential customers will not buy the Debtor's products without those certifications. To continue the ongoing business, Debtor has signed the contracts for renewal and plans to schedule the final certification tests around September 1, 2011. Debtor will need to pre-pay the Partner and certification fees totaling about $12,000 in order to conduct and receive the certification form SAP.

10. The Debtor is required to make various unemployment insurance and workers compensation payments to relevant state authorities. The Debtor was current on all such amounts as of the Petition Date.

11. In addition, the Debtor must pay any and all local, state, and federal withholding and payroll related taxes due to such authorities. The Debtor was current

Page 3 of 8 - DECLARATION OF JOHN ERIC ANDERSON IN SUPPORT OF FIRST DAY MOTIONS

on all such amounts due through the Petition Date.

12. The Debtor will be obligated to pay on account of payroll related taxes on the next payroll due on August 26, 2011, the sum of $1,236.

**B. MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL**

13. The Debtor and Walter Weyler Jr. (the "Lender") are parties to a document entitled "Secured Promissory Note" dated September 8, 2008 as to which Lender filed a UCC-1 financing statement on September 9, 2010 (collectively, the "Loan Documents"). Pursuant to the Loan Documents, Lender asserts he holds a security interests in all of the assets described in the Loan Documents.

14. I believe the Lender asserts the balance due to him is no less than $280.090. I further believe the Lender contends this amount is fully secured by the terms and provisions of the Loan Documents. I believe the balance due is less than Lender asserts, and that not all of the Debtor's obligations to Lender are secured by the collateral described in the Loan Documents.

15. In order to operate its business until its assets are sold, Debtor will need to use cash collateral in which Lender contends it has an interest.

16. The Debtor requires the use of the Lender's Cash Collateral to preserve the value of the Debtor's business as a going concern and to preserve and maintain the assets of the bankruptcy estate. Without use of such cash collateral, the Debtor will lack sufficient funds to maintain his continuing operations and the Debtor will be unable to comply with the terms of the Asset Purchase Agreement.

17. The Debtor's use of the Lender's Cash Collateral will enable the Debtor to pay the expenses of its business, and pay the administrative expenses of this Chapter 11 case.

Page 4 of 8 - DECLARATION OF JOHN ERIC ANDERSON IN SUPPORT OF FIRST DAY MOTIONS

18. The Debtor cannot continue to operate his business, or preserve the value of his assets, without the use of the Lender's Cash Collateral on the terms set forth in the Interim Order. The value of the Debtor's business and assets, if sold other than as a going concern is significantly less than the offer from Gimmal. Debtor will face immediate and irreparable harm if the relief requested is not granted.

19. It is in the best interests of Debtor, its creditors, and its estate for Debtor to use the Lender's Cash Collateral because the use of the Lender's Cash Collateral will allow the continued operation of Debtor's business as a going concern, will allow the Debtor to comply with the ordinary course operations provision of the Asset Purchase Agreement, and will maximize the likelihood of reorganization, thereby maximizing the recovery to all creditors. Without use of the Lender's Cash Collateral, Debtor's business operations will need to immediately cease.

C. **MOTION FOR ENTRY OF ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES AND FOR ORDER TO SHOW CAUSE**

20. In connection with the operation of its business, the Debtor obtains telephone, electric, and similar services (collectively, the "Utility Services") from several companies (the "Utility Companies").

21. If Utility Companies are permitted to terminate Utility Services without notice to the Debtor or an opportunity for hearing, Debtor's business could be severely impacted, and would likely have to shut down altogether.

D. **MOTION FOR ORDER AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNT AND BUSINESS FORMS**

22. As of the Petition Date, the Debtor maintained an operating bank account (the "Existing Bank Account") at KeyBank (the "Bank").

23. In the ordinary course of its operations, the Debtor deposits its receipts into the Existing Bank Account, and also uses the Existing Bank Account to pay its

Page 5 of 8 - DECLARATION OF JOHN ERIC ANDERSON IN SUPPORT OF FIRST DAY MOTIONS

1   necessary business expenses.

2   24.     Prior to the Petition Date, the Debtor utilized customized correspondence and business forms, including, but not limited to, checks, letterhead, envelopes, promotional materials, and other forms (collectively, the "Business Forms").

3   25.     It is important that the Debtor be authorized to continue using the Existing Bank Account. If the Debtor were required to close the Existing Bank Account and open a new bank account, disruption, confusion, and delayed payments would result. This, in turn, would strain the Debtor's relationships with its suppliers, vendors, and employees. The administrative burden of overseeing such a transition also would place an unnecessary burden on the Debtor.

4   26.     The interests of all parties will be served by permitting the Debtor to maintain the Existing Bank Account, which will preserve continuity and avoid disruptions to the Debtor's business.

5   27.     I believe there are few outstanding prepetition checks that have not been deposited and honored as of the Petition Date. I understand that the Bank will not be able to honor such checks, to the extent they had not cleared by the time of the Debtor's filing.

6   28.     If the Debtor were required to create new Business Forms, it would be required to expend significant estate resources, and delays would inevitably result, without any commensurate benefit to any party in interest.

**E.  DEBTOR'S MOTION FOR ORDER:  (A) ESTABLISHING NOTICE AND BIDDING PROCEDURES IN CONNECTION WITH A CONTEMPLATED SALE OF ASSETS TO GIMMAL HOLDINGS LLC; AND (B) SCHEDULING AN AUCTION**

29.     On August 16, 2011, the Debtor signed an Asset Purchase Agreement (the "Agreement") with Gimmal Holdings LLC ("Purchaser"), pursuant to which the Debtor will sell to Purchaser (or other successful bidder) substantially all the assets of

Page 6 of 8 - DECLARATION OF JOHN ERIC ANDERSON IN SUPPORT OF FIRST DAY MOTIONS

the estate.

30. Pursuant to the Agreement, as requested by the Purchaser, and in the interest of ensuring a fair and clear notice and sale procedure, it is necessary and desirable to obtain an order from this Court setting forth the process by which substantially all of the Debtor's assets will be sold.

31. The Debtor proposes to sell substantially all of its assets to Purchaser, subject to the terms of the Agreement. The Debtor has received inquiries from other potential purchasers who have expressed an interest in possibly acquiring assets of the Debtor.

**F.     MOTION FOR ORDER ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE**

32. The Debtor is a party to numerous executory contracts (the "Contracts").

33. As part of the contemplated sale of its assets, the Debtor has agreed, among other things, to assume and assign some or all of the Contracts to the Purchaser.

34. The Debtor believes that it is in default with respect to only one Contract. This is a monetary default in the amount of $76,499.00 relating to the Contract between the Debtor and Norikkon. The Debtor is working with the Purchaser and Norikkon to negotiate a cure for the default.

35. The Purchaser has demonstrated that it is an established company with the financial wherewithal to perform under the Contracts.

**G.     MOTION FOR EXPEDITED HEARING RE FIRST DAY MOTIONS**

36. As discussed above, the Debtor has entered into an agreement to sell substantially all the assets of the estate.

37. If the contemplated sale transaction is not consummated by October 15,

Page 7 of 8 - DECLARATION OF JOHN ERIC ANDERSON IN SUPPORT OF FIRST DAY MOTIONS

1   2011, the Purchaser is not required to complete the purchase.  If the business is not
2   sold by that date, it is unlikely the Debtor will be able to maintain its business operations
3   long enough to find another purchaser.

4       38.   In addition, if the Debtor cannot continue to pay wages, use its existing
5   bank account, use cash collateral, and enjoy uninterrupted access to its utility services,
6   the Debtor will not be able to function as a going concern.  In that event, the
7   contemplated sale might not occur, to the harm of the estate's creditors.

8       39.   I declare under penalty of perjury that the foregoing is true and correct.
9   Executed this 17th day of August, 2011 at Portland, Oregon

*/s/ John Eric Anderson*

_____
John Eric Anderson

F:\CLIENTS\21470\001\PLEADINGS\P-DECLARATION IN SUPPORT - ERIC ANDERSON (FINAL).DOC

Page 8 of 8 - DECLARATION OF JOHN ERIC ANDERSON IN SUPPORT OF FIRST DAY MOTIONS

<u>CERTIFICATE OF SERVICE</u>

1. I, Janine E. Hume declare as follows:

2. I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen years and am not a party to this action; my business address is 1000 SW Broadway, Suite 1400, Portland, Oregon 97205-3089, in said county and state.

3. I certify that on August 17, 2011, I served, **via Federal Express or U.S.P.S Express Mail**, a full and correct copy of the foregoing **DECLARATION OF JOHN ERIC ANDERSON IN SUPPORT OF FIRST DAY MOTIONS**, to the parties of record, addressed as follows:

**See attached service list.**

I also certify that on August 17, 2011, I served the above-referenced document(s) on all ECF participants as indicated on the Court's Cm/ECF system.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 17, 2011.

/s/ Janine E. Hume
_____
Janine E. Hume, Legal Assistant

F:\CLIENTS\21470\002\SERVICE INFORMATION\CERTMASTER.DOC

CERTIFICATE OF SERVICE - Page 1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

| | | |
|---|---|---|
| Ater Wynne LLP<br>1331 NW Lovejoy St.,<br>Suite 900<br>Portland, OR  97209-3280 | Battle Mountain Properties<br>662 N 2600 W<br>Mesquite, NV 89027 | Chase Cardmember Service<br>P O Box 94014<br>Palatine, IL 60094-4014 |
| Christopher Kruell<br>P O Box 10061<br>Portland, OR  97296 | Citi<br>P O Box 6500<br>Sioux Falls, SD 57117-6500 | Douglas D. Sater<br>826 Bandolier Lane<br>Washington, UT  84780 |
| Farell Petersen<br>1112 Goldenrod Circle<br>St. George, UT  84790 | Geffen Mesher & Co. PC<br>888 SW Fifth Ave., Suite 800<br>Portland, OR  97204 | Gimmal Group<br>2400 Greenway Plaza, Suite 800<br>Houston, TX  77046 |
| Hiram A Smith<br>662 N. 2600 W<br>Mesquite, NV 89027 | James & Denise Dillion<br>1961 Twin Sun Circle<br>Walled Lake, MI  48390 | JMSI, Inc.<br>269 S. Beverly Drive<br>PMB# 683<br>Beverly Hills, CA  90212 |
| John Kallen Consult, AB<br>Fleminggtan 55<br>112 32 Stockhoml<br>Sweden | Josef Leicht<br>7400 SW Barnes Road<br>Portland, OR  97225 | Lynn A. Miller<br>677 Sky Mountain Blvd<br>Hurricane, UT 84737 |
| Norikkon<br>1218 Oxford Place<br>Cary, NC 27511 | Ron Johnson<br>3389 S. 700 W.<br>Salt Lake City, UT 84119-4115 | Steven Schroeder<br>3389 S. 700 W.<br>Salt Lake City, UT 84119-4115 |
| Todd Mackey<br>226 Hill Ct.<br>Castle Rock, CO 80104 | Walter Weyler, Jr.<br>2135 SW Altadina Ct.<br>Portland, OR  97219 | Internal Revenue Service<br>P O Box 7346<br>Philadelphia, PA 19101-7346 |
| The Attorney General of USA<br>Department of Justice<br>10th & Constitution NW<br>Washington, DC 20530 | Internal Revenue Service MS240<br>100 SW Main St., Suite 1200<br>Portland, OR  97204-2871 | Oregon Dept. of Revenue<br>ODR Bankruptcy<br>955 Center St.<br>Salem, OR  97301 |
| Oregon Attorney General<br>Department of Justice<br>1162 Court St. NE<br>Salem, OR  97301 | State of California<br>Franchise Tax Board<br>P O Box 942857<br>Sacramento, CA  94257 | Consumer Law, Attn: Bankruptcy<br>CA Atty General Office<br>455 Golden Gate Ave, Ste 11000<br>San Francisco, CA  94102 |
| State of Colorado<br>Department Of Revenue<br>1375 Sherman St.<br>Denver, CO 80261 | Office of the Attorney General<br>Colorado<br>1525 Sherman St., 7th Flr.<br>Denver, CO 80203 | State of Florida<br>5050 West Tennessee St.<br>Tallahassee, FL 32399 |

| | | |
|---|---|---|
| Office of the Attorney General<br>State of Florida<br>The Capital L-01<br>Tallahassee, FL 32399-1050 | State of New Jersey<br>P O Box 929<br>Trenton, NJ 08646-0929 | Office of the Attorney General<br>State of New Jersey<br>P O Box 080<br>Trenton, NJ 08625-0080 |
| State of New York<br>P O Box 1909<br>Albany, NY 12201-1909 | Office of the Attorney General<br>The Capital<br>Albany, NY 12224-0341 | State of South Carolina<br>301 Gervais St.<br>P O Box 125<br>Columbia, SC 29214 |
| The Honorable Alan Wilson<br>Attorney Generals Office<br>P O Box 11549<br>Columbia, SC 29211 | Pacific Power<br>Attn. Its Representative<br>CT Corporation System<br>388 State St. Suite 420<br>Salem, OR 97301 | Sterling Communications, Inc.<br>Attn. Its Representative<br>Tom Gillihan<br>14945 SW Sequoia Pkwy, #110<br>Portland, OR 97224 |
| Verizon Wireless Services, LLC<br>Attn. Its Representative<br>CT Corporation System<br>388 State St. Suite 420<br>Salem, OR 97301 | Mark Finkelstein<br>Shannon, Martin, Finkelstein &<br>Alvarado, P.C.<br>1001 McKinney Street, Suite 1100<br>Houston, TX 77002-6424 | ERP-Link Corp.<br>510 SW Fifth Ave.<br>Suite 200<br>Portland, OR 97204 |
| SEC<br>Attn: Bankruptcy Counsel<br>5670 Wilshire Blvd., 11th Floor<br>Los Angeles, CA 90036 | | |